## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **THOMAS J. PIECZONKA**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **PROGRESSIVE SELECT INSURANCE COMPANY**, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Thomas J. Pieczonka ("Plaintiff"), by and through his attorneys, brings this class action lawsuit on behalf of himself and all other persons similarly situated, who were insured under Defendant Progressive Select Insurance Company's ("Progressive") policies of auto insurance, and except as to those allegations pertaining to Plaintiff and his own actions, which allegations are based upon personal knowledge, Plaintiff alleges the following upon information and belief and investigation of his counsel:

## NATURE OF THE ACTION

1. Progressive's collision and comprehensive auto insurance provisions require that Progressive pay the actual cash value ("ACV") of the property at the time of the loss, less any applicable deductible, when it declares a vehicle a total loss. The law of several states (including Plaintiff's home state of Florida) requires that, when insurers pay claims based off of the ACV, they include amounts for sales tax, title fees, and tag fees, as well as certain other reasonable expenses, incurred in replacing a vehicle.

2. In violation of the law and the terms of coverage, Progressive fails to pay costs and fees reasonably likely to be incurred when purporting to reimburse claimants the ACV of their vehicle.

3. Plaintiff and the other Class members are (or were) insureds with collision coverage and/or comprehensive coverage who suffered a loss to an insured vehicle to an extent that the vehicle was declared by Progressive to be a total loss, and were under-reimbursed for the ACV of their insured vehicle.

4. Progressive breached its contract with Plaintiff and the other Class members through its unlawful practices described more fully below. As a result, Plaintiff and the other Class members were injured and suffered damages.

## PARTIES

5. At all times relevant to this action, Plaintiff is and was a citizen and resident of Florida, domiciled in Fort Lauderdale, Florida.

6. Progressive is an Ohio insurance company with its principal place of business in Cuyahoga County, Ohio.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d) because Plaintiff brings this civil action as a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs, and at least one member of the Class is a citizen of a state different from Progressive.

8. This Court provides a proper venue for this action pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claim occurred in this District, and Progressive resides in this District.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff is insured under an auto insurance policy through Progressive providing coverage for the Policy Period April 24, 2019 through October 24, 2019. The policy contract is Form 9611D FL, plus the endorsement A261 (the "Policy"). *See* Policy, attached hereto as ***Exhibit A***.

10. On information and belief, each Class member was insured under an identical form of the Policy, or a policy otherwise containing pertinent coverage terms that were materially identical to those in Plaintiff's Policy.

11. Pursuant to standardized language in Part IV of the Policy, collision coverage and comprehensive coverage require Progressive to "pay for sudden, direct and accidental loss" to a covered auto, including an attached trailer or a non-owned auto, as well as custom parts or equipment. The Policy states:

> The limit of liability for loss to a covered auto, non-owned auto, or custom parts or equipment is the lowest of:
>
> a. The actual cash value of the stolen or damaged property at the time of the loss reduced by the applicable deductible;
>
> b. The amount necessary to replace the stolen or damaged property reduced by the applicable deductible;
>
> c. The amount necessary to repair the damaged property to its pre-loss physical condition reduced by the applicable deductible; or
>
> d. The Stated Amount shown on the declarations page for that covered auto.

12. The Policy states that ACV is determined by the market value, age, and condition of the vehicle at the time the loss occurs. Apart from the reference to any applicable deductible, no other reductions to the ACV are specified. The Policy does not define ACV or market value, nor does it address sales tax, fees, or other reasonable expenses to replace the lost vehicle.

13. Upon information and belief, each of the fifty states imposes a form of title fees, registration fees and/or license plate fees relating to the purchase of a private passenger vehicle.

14. As a consequence, under the law in every state, an insured vehicle cannot be replaced without payment of applicable title fees, registration fees, and/or license plate fees. Those mandatory costs are, in actuality, part of the replacement cost of every totaled vehicle.

15. The law in at least twenty-eight states specifically mandates that insurers pay all mandatory title, registration and license plate fees in connection with a total loss: Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Georgia, Hawaii, Idaho, Illinois, Iowa, Kansas, Kentucky, Maryland, Minnesota, Mississippi, Nebraska, Nevada, New Jersey, New Mexico, Ohio, Oklahoma, Oregon, Utah, Vermont, Virginia, Washington.[1]

---

[1] *See* Ala. Admin. Code § 482-1-125-.08; Alaska. Admin. Code § 26.080, AK Bulletin 93-8; Ariz. Admin. Code § R20-6-801(H)(1); Ark. Admin. Code § 054.00.43-10(A), AR Rule 43-10; Cal. Code of Regs. Tit. 10 § 2695.8(B); C.R.S. § 10-4-639; Fla. Stat. § 626.9743; Ga. Comp. R. & Regs. § 120-2-52-.06; Haw. Rev. Stat. § 431:10C-312; *https://doi.idaho.gov/Consumer /FAQ/AutoClaimFAQ*; 50 Ill. Admin. Code § 919.80(C); Iowa A.D.C. § 191-15.43(507B); Kan. Admin. Regs. § 40-1-34; 806 Ky. Admin. Regs. § 12:095, KY Bulletin 81-DM-007; Md. Code Regs. § 31.15.12.04, MD Ins Order 11-25-80; M.S.A. § 72A.201; MS Bulletin 2007-4; NE Bulletin CB-49; Nev. Admin. Code § 686A.680; N.J. Admin. Code § 11:3-10.4; *http:// www.nmprc.state.nm.us/consumerrelations/docs/settlement-total-loss.pdf*; Ohio Admin. Code 3901-1-54; Okla. Admin. Code § 365:15-3-8; Or. Admin. R. § 836-080-0240; Utah Admin. Code r. § R590-190-11; 4-3 Vt. Code R. § 7:8, VT Bulletin 58, VT ADC Ins 79-2; Va. Insurance Order No. 11607; Wash. Admin. Code § 284-30-391.

**FACTUAL ALLEGATIONS RELATED TO PLAINTIFF**

16. Plaintiff obtained auto insurance from Progressive on his 2013 Audi Q5 for the period April 24, 2019 to October 24, 2019, and paid the premium. *See Exhibit A*.

17. Plaintiff experienced a covered loss during the coverage period on July 1, 2019, and reported the loss on July 2, 2019.

18. Progressive declared the insured vehicle a total loss. In the Settlement Summary, Progressive agreed to pay a total of $15,789.40, which includes an amount of $969.21 for sales tax, but $0 for fees. *See* Settlement Summary, attached hereto as **Exhibit B**.

19. As for Plaintiff, vehicles must be properly titled in order to be legally driven on roadways. Fla. Stat. § 320.02 ("every owner or person in charge of a motor vehicle that is operated or driven on the roads of this state shall register the vehicle in this state.").

20. Vehicles also must have proper license plates (or tags) in order to be legally driven on roadways. *See* Fla. Stat. § 320.0609.

21. Florida law imposes mandatory sales tax and title transfer fees for the replacement of all vehicles, whether leased or owned. *See* Fla. Stat. § 212.05 (sales tax); § 319.34 (title transfer fee). These taxes and fees are necessarily included in the replacement cost of a total loss vehicle.

22. In addition, it is customary practice in Florida for car dealerships to charge so-called documentation fees or processing fees. The average documentation/processing fee in Florida is approximately $670. *See https://www.autolist.com/guides/dealer-fees-florida* (last visited Dec. 6, 2019). These charges are reasonably likely to be incurred in replacing the insured vehicle.

23. Florida law, as with the law in other states, requires the ACV to incorporate costs reasonably likely to be incurred in vehicle replacement, including sales tax, title transfer fees, tag transfer fees, and other fees reasonably likely to be incurred in replacing the loss. Fla. Stat. §

626.9743; *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1306 (11th Cir. 2008); *Glover v. Liberty Mut. Ins. Co.,* Case No. 19-21900, 2019 WL 4917063, at *8 (S.D. Fla. Oct. 4, 2019) ("failure to include mandatory state fees constitutes a breach of the promise to pay ACV").

24. Progressive has already effectively conceded its obligations to include mandatory fees and taxes in its payment of claims based on the ACV. Indeed, in Plaintiff's Settlement Summary, Progressive agrees to pay a certain amount of sales tax, but expressly omits any payment for other fees it knows or should know necessarily must be incurred when acquiring a vehicle. *See Exhibit B*.

25. Progressive failed and refused to pay Plaintiff for certain fees and costs to which he was entitled under the Policy and the law.

26. On information and belief, Progressive engages in uniform and standard conduct in failing and refusing to pay full ACV to all claimants, including Plaintiff and the other Class members.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action individually and on behalf of all other persons similarly situated pursuant to pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

28. Pursuant to Fed. R. Civ. P. 23, Plaintiff assert claims for breach of contract on behalf of a national Class, defined as follows:

> All persons in the United States who insured a vehicle for physical damage coverage under a Progressive auto policy and suffered a first-party total loss of a covered vehicle at any time since December 9, 2011, and whose claims were adjusted by Progressive as a total loss claim but, as part of the claim settlement, and were not paid state mandated or other necessary costs of replacing the vehicle.

Excluded from the Class are: (1) Progressive, Progressive's agents, subsidiaries, parents, successors, predecessors, and any entity in which Progressive or its parents have a controlling

interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

29. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

30. The Class meets the criteria for certification under Fed. R. Civ. P. 23 in that:

a. <u>Numerosity</u> – Federal Rule of Civil Procedure 23(a)(1) – The members of the Class are so numerous that their individual joinder is impracticable. The Progressive Corporation is one of the largest auto insurers in the United States, with over 13 million policies in force.[2] While Plaintiff is informed and believes that the Class consists of more than forty (40) and likely several hundred thousand persons, the precise number of Class members is presently unknown to Plaintiff, but may be ascertained from Progressive's books and records. The members of the Class are easily ascertainable and readily identifiable from information and records in Progressive's possession, control, or custody. Upon information and belief, Progressive maintains records of all total loss claims made by its insureds and paid by Progressive. Members of the Class may be notified of the pendency of this action by recognized, court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

---

[2] *See* https://en.wikipedia.org/wiki/Progressive_Corporation (last visited Dec. 9, 2019).

      b.    <u>Commonality and Predominance</u> – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3) – Common questions of law and fact exist as to all members of the Class and predominate over questions affecting only individual members of the Class. Such common questions of law or fact include, but are not limited to, the following:

          (1)    whether Progressive's contractual agreements obligated it to pay reasonably incurred fees and taxes when making a payment for total loss based on ACV;

          (2)    whether Progressive breached its contracts with Plaintiff and other Class members by failing to pay the full amount of the total loss based on ACV; and

          (3)    the amount and nature of relief to be awarded to Plaintiff and the other Class members.

      (c)    <u>Typicality</u> – Federal Rule of Civil Procedure 23(a)(3) – Plaintiff's claims are typical of the Class's claims because, among other things, all members of the Class were comparably injured through Progressive's uniform misconduct described above. Plaintiff and the other Class members were all similarly affected by Progressive's failure to pay the full amount of ACV. Plaintiff's claims are based on the same legal theories as those of the other Class members. Plaintiff and the other Class members similarly sustained damages as a direct and proximate result of the same wrongful practices in which Progressive engaged. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the other Class members. In addition, there are no defenses available to Progressive that are unique to Plaintiff or to any particular members of the

Class. At its core, this case involves identical issues on identical (in all relevant respects) contracts across the Class.

(d) <u>Adequacy of Representation</u> – Federal Rule of Civil Procedure 23(a)(4) – Plaintiff will fairly and adequately protect the Class members' interests. Plaintiff has a genuine interest in protecting the rights of the Class and will prosecute this action vigorously. Plaintiff has retained counsel who are competent and experienced in complex class action litigation. Neither Plaintiff nor counsel has any interests adverse or in conflict with the Class. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

(e) <u>Superiority</u> – Federal Rule of Civil Procedure 23(b)(3) – A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Progressive, so it would be impracticable for the Class members to individually seek redress for Progressive's wrongful conduct. Even if the Class members could afford litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I
### Breach of Contract

31. Plaintiff incorporates paragraphs 1 through 30 above, as if fully stated herein.

32. Plaintiff asserts a breach of contract claim against Progressive, on behalf of himself, and the Class.

33. Plaintiff and the other Class members were parties to a standard insurance contract with Progressive. The pertinent insurance policies are form contracts containing relevant uniform provisions for Plaintiff and all Class members.

34. Plaintiff and the other Class members paid their premiums, and all conditions precedent under the contracts occurred or were performed. Progressive, by paying on the total loss claims, determined that Plaintiff and each Class member complied with the terms of their insurance contracts and fulfilled all of their duties that the insurance contracts imposed for them to be paid on their total loss.

35. Plaintiff and the other Class members made claims under their insurance contracts, which Progressive determined to be first-party total losses under the insurance contracts, and additionally determined to be covered by its insurance contracts.

36. Pursuant to the above-described contractual provisions, upon the total loss of their insured vehicles, Plaintiff and the other Class members were each owed the ACV of their vehicles, including mandatory title, registration and license plate fees, as well as other fees reasonably likely to be incurred in replacing the vehicle.

37. Progressive failed to pay these costs and fees, and thus the full value of the ACV, to Plaintiff and the other Class members on their total loss claims.

38. Progressive's failure to pay the full amount of ACV constitutes a material breach of contract with Plaintiff and the other Class members.

39. As a result of these contractual breaches, Plaintiff and the other Class members have been damaged, and are entitled to sums representing the amounts for unpaid fees and costs that are incorporated into ACV, as well as costs, pre-judgment and post-judgment interest, and other relief as appropriate.

**WHEREFORE**, Plaintiff Thomas J. Pieczonka, individually and on behalf of all others similarly situated, prays that judgment be entered in his favor and against Progressive, as follows:

A. That the Court adjudge, decree and certify that the present case may be properly maintained as a class action, appoint Plaintiff as representative of the Class, and appoint Plaintiff's counsel as counsel for the Class;

B. That the Court grant judgment in favor of Plaintiff and the Class, and against Progressive;

C. That the Court award damages to Plaintiff and the other Class members and against Progressive;

D. That the Court award prejudgment interest on any damage amounts awarded;

E. That the Court award post-judgment interest on any judgment entered;

F. That the Court award reasonable attorneys' fees, expenses and litigation costs as appropriate pursuant to applicable law; and

G. That the Court grant such further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims so triable.

Respectfully submitted,

/s/ *Marc Dann*
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Michael A. Smith, Jr. (0097147)
**DANN LAW**
P.O. Box 6031040
Cleveland, Ohio 44103
(216) 373-0539 telephone
(216) 373-0536 facsimile
*notices@dannlaw.com*

Thomas A. Zimmerman, Jr. (*pro hac vice* anticipated)
*tom@attorneyzim.com*
Matthew C. De Re (*pro hac vice* anticipated)
*matt@attorneyzim.com*
Jeffrey D. Blake (*pro hac vice* anticipated)
*jeff@attorneyzim.com*
**ZIMMERMAN LAW OFFICES, P.C.**
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
*www.attorneyzim.com*

*Counsel for Plaintiff and the putative Class*