UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------------
                                        :
THOMAS J. PIECZONKA,                    :
                                        :     CASE NO. 19-CV-2965
            Plaintiff,                  :
                                        :
      vs.                               :     OPINION & ORDER
                                        :     [Resolving Doc. 10]
PROGRESSIVE SELECT INSURANCE CO.,       :
                                        :
            Defendant.                  :
                                        :
-------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Thomas Pieczonka sues his auto insurer. He indicates that he will seek class certification to represent those similarly situated.

Following the total loss of his vehicle, Defendant Progressive Select Insurance Co. ("Progressive"), compensated Pieczonka. The amount Progressive paid reflected the value of his lost vehicle, but did not include the costs associated with replacing the title, registration, or license plates.

Pieczonka claims Progressive's insuring policy requires it to pay the full replacement cost of an insured vehicle. Progressive disagrees and moves to dismiss Pieczonka's suit because it has provided the policy's required compensation. In the alternative, Progressive moves to strike Pieczonka's nationwide class allegations.

For the following reasons, the Court **GRANTS** Progressive's motion to dismiss.

Case No. 19-cv-2965
Gwin, J.

## I. BACKGROUND[1]

Defendant Progressive provided a Florida auto insurance policy to Plaintiff Pieczonka, who resides in Florida.[2] This insurance policy included collision coverage and comprehensive coverage that requires Progressive to "pay for sudden, direct and accidental loss to a . . . covered auto . . . resulting from collision."[3] The policy limits Progressive's liability to the lowest of:

   a. The actual cash value of the stolen or damaged property at the time of the loss reduced by the applicable deductible;
   b. the amount necessary to replace the stolen or damaged property reduced by the applicable deductible;
   c. the amount necessary to repair the damaged property to its pre-loss physical condition reduced by the applicable deductible; or
   d. the Stated Amount shown on the declarations page for that covered auto.[4]

The policy also states that "actual cash value is determined by the market value, age, and condition of the vehicle at the time the loss occurs."[5]

In July 2019, Plaintiff Pieczonka experienced a covered loss of his insured vehicle.[6] Progressive declared the vehicle a total loss and offered to pay $15,789.40.[7] This amount included sales tax, but did not include title fees, registration fees, or license plate fees.[8]

On December 23, 2019, Plaintiff Pieczonka sued Progressive.[9] He seeks class certification for his claims. He claims Progressive breached his auto policy by failing to pay the actual cash value of his vehicle.[10] He says that actual cash value should include certain

---

[1] The Court takes as true all well pleaded factual allegations when deciding a Rule 12(b)(6) motion to dismiss, and nothing in this factual background section should be construed as the Court's findings of fact.
[2] Doc. 1 ¶ 9.
[3] Doc. 1-1 at 31.
[4] *Id*. at 36.
[5] *Id*. at 37.
[6] Doc. 1 ¶¶ 16-17.
[7] *Id*. ¶ 18.
[8] *Id*.
[9] *Id*. at 1.
[10] *Id*. at 10.

Case No. 19-cv-2965
Gwin, J.

fees that his state requires when purchasing a vehicle, "including mandatory title, registration and license plate fees."[11] He argues that his policy requires Progressive to pay him and others like him the full cost of replacing a vehicle, including these fees.[12]

On February 28, 2020, Defendant Progressive filed a motion to dismiss and to strike Pieczonka's nationwide class allegations.[13] On March 27, 2020, Pieczonka opposed.[14]

## II. LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim, the Court construes the complaint in the light most favorable to the nonmoving party, accepting its allegations as true, and drawing all reasonable inferences in favor of finding the complaint sufficient.[15] In order to survive a motion to dismiss, the complaint must allege sufficient facts "to state a claim for relief that is plausible on its face."[16] While "detailed factual allegations" are unnecessary, a plaintiff must provide more than a "formulaic recitation of the elements of a cause of action."[17]

## III. ANALYSIS

Defendant Progressive argues that Plaintiff has not alleged sufficient facts to show that Progressive breached its insurance policy with Plaintiff. The Court agrees.

When interpreting the policy, this Court applies the laws of Florida, where Pieczonka is a resident and where Progressive issued the policy.[18] In Florida, insurance contracts are

---

[11] *Id.*
[12] *Id.*
[13] Doc. 10; *see also* Fed. R. Civ. P. 12(b)(6), 12(f).
[14] Doc. 12. On April 10, 2020, Progressive replied. Doc. 15.
[15] *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bikerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)).
[16] *See Nikolao v. Lyon*, 875 F.3d 310, 317 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[17] *See id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Engler*, 862 F.3d at 575 (quoting *Ashcroft*, 556 U.S. at 678)).
[18] The parties agree that Florida law applies to this case. *See* Docs. 10 at 2, 12 at 1.

-3-

Case No. 19-cv-2965
Gwin, J.

"construed in accordance with the plain language of the policy."[19] "When an insurance contract is not ambiguous, it must be given effect as written."[20]

Plaintiff Pieczonka argues that "actual cash value" has a distinct meaning in Florida law.[21] He claims that it is the replacement cost of the vehicle, minus depreciation.[22] Since full replacement of the vehicle would entail paying title and registration fees, he argues Progressive has not given him the actual cash value of his vehicle.

Pieczonka's reliance on a general definition of actual cash value might be warranted if the policy were ambiguous. But the policy here is clear. It requires Progressive to determine the actual cash value of the vehicle by considering the vehicle's "market value, age, and condition . . . at the time the loss occurs."[23] "When the language is clear and unambiguous, it must be construed to mean 'just what the language therein implies and nothing more.'"[24] This Court will not read additional terms into this definition.

Pieczonka's argument the actual cash value incorporates the cost of expenses associated with replacing the vehicle is further undercut by the policy's liability limits. The policy states that Progressive will pay the lowest amount between four compensation values, including the actual cash value and "the amount necessary to replace the stolen or damaged property reduced by the applicable deductible."[25] The latter option might cover the costs of title, registration, and licensee fees. But reading those fees into the actual cash value would

---

[19] *Siegle v. Progressive Consumers Ins. Co.*, 819 So.2d 732, 735 (Fla. 2002).
[20] *Id*.
[21] Doc. 12 at 1.
[22] *Id*. (citing *Trinidad v. Florida Peninsula Ins. Co.*, 121 So.3d 433, 443 (Fla. 2013)).
[23] Doc. 1-1 at 37.
[24] *Walker v. State Farm Fire & Cas. Co.*, 758 So.2d 1161, 1162 (Fla. Dist. Ct. App. 2000) (citing *Walgreen Co. v. Habitat Dev. Corp.*, 655 So.2d 164,655 (Fla. Dist. Ct. App. 1995)).
[25] Doc. 1-1 at 36.

Case No. 19-cv-2965
Gwin, J.

negate any difference between the two. Pieczonka's interpretation would make the second compensation value redundant.

Pieczonka's complaint acknowledges that Progressive has paid him for the value of his lost vehicle.[26] The insurance policy requires Progressive to pay nothing more.

The Court therefore **GRANTS** Defendant Progressive's motion to dismiss.[27]

## CONCLUSION

For those reasons, the Court **GRANTS** Defendant Progressive's motion to dismiss.

IT IS SO ORDERED

Dated: April 21, 2020     *s/      James S. Gwin*
                         JAMES S. GWIN
                         UNITED STATES DISTRICT JUDGE

---

[26] Doc. 1 at ¶ 18.
[27] Because the Court dismisses Plaintiff's case, Defendant's motion to strike the class allegations is now moot.

-5-